IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MARK CORRIGAN,**

    **Petitioner,**

**v.**                                               **CIVIL ACTION: 3:14CV70**
                                                     **(JUDGE GROH)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR WRIT OF CORAM NOBIS

### I. INTRODUCTION

On July 1, 2014, Petitioner, Mark Corrigan ("Petitioner"), proceeding *pro se*, filed a Petition for Writ of Error Coram Nobis (ECF No. 1), alleging that the Eastern District of North Carolina, Western Division, denied him a fair and meaningful procedural avenue to collaterally attack his illegal conviction. Specifically, Petitioner alleges as follows that: (1) Petitioner is actually innocent of the crimes of conspiracy to commit mail fraud, money laundering, giving false statement and aiding and abetting; (2) The forfeiture was wrongly and improperly based and must be vacated; (3) Petitioner's trial attorney provided ineffective assistance of counsel; and (4) The district court by improper and unethical methods intentionally impeded the Petitioner's right to counsel of his choice and obstructed legitimate access post-conviction relief efforts.

As relief, Petitioner asks that this Court grant his petition for a writ of *coram nobis* and enter an Order vacating the conviction, restitution and forfeiture imposed by the Eastern District of North Carolina.

## II. PROCEDURAL HISTORY ACCORDING TO PETITIONER

Petitioner alleges he was indicted on March 18, 1997 in the Eastern District of North Carolina, Western Division on four counts which included conspiracy to commit mail fraud, mail fraud, money laundering, false statement and aiding and abetting. (Petitioner Bf. at 2, ECF No. 1-1). Petitioner entered a not guilty plea to all charges and proceeded to trial, which took place from May 14, 1997 through May 23, 1997. (Id.). Petitioner alleges he was found guilty and sentenced to incarceration for 188 months in the aggregate; 36 months of SRT; restitution of $5,000 and forfeiture of his interest in the property named in Count 52 of the superseding indictment known as Beauclair Plantation worth approximately $1.95 million, as well as $3 million in cash and assets. (Id. ). Accordingly to Petitioner and the documents he attached to his Petition for Writ of Coram Nobis, Petitioner appealed his conviction and sentence to the Fourth Circuit and the Eastern District of North Carolina's decision was affirmed in all respects on July 19, 2000. (Id.). Petitioner attaches documentation to support that he has tried to further his claims over the years but has been denied relief. (Id.). Petitioner has filed a 42 U.S.C. § 1983, a 28 U.S.C. § 2255, a successive 28 U.S.C. § 2255, a petition for writ of mandamus, two Bivens complaints; and a Motion for Reconsideration of his 42 U.S.C §1983 complaint. All of which were denied initially and were affirmed on appeal. (See Exhibits attached to Petitioner's petition).

## III. ANALYSIS

Although **Fed. R. Civ. P. 60(b)**, adopted in 1946, specifically abolished the writ of coram nobis in federal civil cases, the landmark Supreme Court decision in U.S. v. Morgan, 346 U.S. 502 (1954), held that (1) a federal district court has the power, under the All Writs Act (28 U.S.C. §

1651), to grant a motion in the nature of a writ of error coram nobis to set aside a defendant's conviction and sentence in a federal criminal case; and (2) the writ of error coram nobis had not been abolished by 28 U.S.C. § 2255, which permitted a federal prisoner to attack a sentence by a motion in the sentencing court.

A writ of coram nobis is available only in very limited circumstances and then only to persons no longer in custody. See United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1989) ("Federal courts have the power under the All-Writs Act, 28 U.S.C. § 1651(a), to grant a writ of error coram nobis to vacate a conviction after the sentence has been served.") cf. United States v. Morgan, 346 U.S. 502 (1954). It has been held or recognized that relief by way of a writ of coram nobis under 28 U.S.C. § 1651 from a judgment of conviction, the sentence for which has been served, is available, on proper grounds, only in the federal District Court which rendered such judgment of conviction. Grene v United States, 448 F.2d 720 (5th Cir. 1971). The Petitioner has served his sentence and is no longer in custody; however, he is residing in Harpers Ferry, West Virginia. Petitioner has brought this action as a civil suit in the Northern District of West Virginia instead of in the sentencing court in the Eastern District of North Carolina.

In Grene, the petitioner, who had completely served the sentence imposed following his federal conviction in 1963, sought to set aside that conviction on the ground that he had been denied his right to a fair trial because one of the witnesses called to testify against him later confessed to having given perjured testimony. (Id.). Affirming the District Court's judgment denying relief, the Court of Appeals held that the District Court was correct in holding that the petitioner's proper remedy was an application for a writ of error coram nobis pursuant to 28 U.S.C. § 1651. (Id.). The court said that despite the express abolition in the Federal Rules of Civil Procedure of the

extraordinary writ of error coram nobis in federal civil actions, it is still available with respect to criminal convictions under § 1651 and that accordingly the petitioner should have raised his contentions in the sentencing court, the only one which could grant relief in the nature of coram nobis relative to a criminal conviction. (Id.)

Since the writ of error coram nobis has been abolished in federal civil actions and this matter was brought solely as a civil action in a court other than the sentencing court, the writ should be **DISMISSED** with prejudice.

## IV.    RECOMMENDATION

For the foregoing reasons, I recommend that Petitioner's Writ of Coram Nobis (ECF No. 1) be **DISMISSED** with prejudice because the writ of error coram nobis has been abolished in federal civil actions and this action should have been brought, if at all, in the Eastern District of North Carolina, the sentencing court.

Any party may, within fourteen (14) days after being served with a copy of this Recommendation for Disposition, file with the Clerk of the Court written objections identifying the portions of the Proposed Findings of Fact and Recommendation for Disposition to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Proposed Findings of Fact and Recommendation for Disposition set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed findings and recommendation. 28 U.S.C. § 636(b)(1); United States v. Scranch, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. An, 474 U.S. 140 (1985).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Mark Corrigan.

Respectfully submitted this 23rd day of September , 2014.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE