**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**MARK CORRIGAN,**

       Petitioner,

v.                                  **CIVIL ACTION NO.: 3:14-CV-70**
                                      **(JUDGE GROH)**

**UNITED STATES OF AMERICA,**

       Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. This action was referred to Magistrate Judge Trumble for submission of an R&R by standing order.

On September 12, 2013, the *pro se* Petitioner initiated this case by filing a Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651(a) to challenge his conviction and sentence entered in the United States District Court for the Eastern District of North Carolina. The Petitioner is not incarcerated or serving a term of supervised release pursuant to that sentence. On September 23, 2014, Magistrate Judge Trumble filed his R&R. ECF 5. He recommends that the Court dismiss this case with prejudice because the Writ of Error Coram Nobis was abolished in federal civil actions and must be filed in the sentencing court pursuant to § 1651(a). The Petitioner timely filed objections to the R&R.

**I. Standard of Review**

Under 28 U.S.C. § 636(b)(1), this Court must make a *de novo* review of those

portions of the magistrate judge's findings to which objection is made. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Accordingly, the Court will review *de novo* those portions of the R&R to which the Petitioner objects and the remainder of the R&R for clear error.

## II. Analysis

The Petitioner objects to the R&R on two grounds. First, he contests the R&R's statement that the Writ of Coram Nobis has been abolished. Second, he argues that this Court has subject matter jurisdiction over this case. The Petitioner asks that, if the Court dismisses this matter for lack of jurisdiction, that the dismissal be without prejudice so that he can file it in the appropriate court.

First, Federal Rule of Civil Procedure 60(e) abolished the writ of error coram nobis in federal civil actions. The writ of coram nobis, however, is still available to the Petitioner through 28 U.S.C. § 1651(a). See United States v. Morgan, 346 U.S. 502, 511 (1954); see also United States v. Akinsade, 686 F.3d 248, 250 (4th Cir. 2012) (reviewing denial of writ of error coram nobis filed pursuant to § 1651(a)). Essentially, this remedy is not available in a general civil action as the Petitioner has filed here. Accordingly, the Court **OVERRULES** the Petitioner's first objection because the R&R accurately states that the writ of coram nobis is abolished in federal civil actions.

Now considering the Petitioner's jurisdictional objection, "[t]he Fourth Circuit has held that a writ of error coram nobis must be brought to the same court that convicted and sentenced the defendant." Whitley v. N. Carolina, Civil Action No. 5:12-HC-2016-BO, 2012 WL 8123581, at *1 (E.D.N.C. Aug. 16, 2012), aff'd sub nom, Whitley v. Strada, 488 F. App'x 755 (4th Cir. 2012) (citing Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir.1964) (per curiam) and collecting cases). Here, the Petitioner challenges a conviction and sentence entered in another court, the United States District Court for the Eastern District of North Carolina. This Court therefore lacks subject matter jurisdiction over the Petitioner's writ of error coram nobis. Thus, the Court **OVERRULES** the Petitioner's objection that this Court has jurisdiction over this matter.

The Court does, however, reject the recommendation that this matter be dismissed with prejudice because a dismissal for lack of subject matter jurisdiction must be without prejudice. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (stating that a dismissal for a defect in subject matter jurisdiction must be without prejudice "because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits"). Accordingly, the Court **SUSTAINS** the Petitioner's objection to the recommendation that this matter be dismissed with prejudice.

### III. Conclusion

Upon careful review of the record and for the reasons set forth above, the Court **SUSTAINS IN PART** the Petitioner's Objections. It is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED**

3

**ADOPTED IN PART**. The Court adopts the Report and Recommendation in full except for its recommendation that the Court dismiss this action with prejudice. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Petitioner's Writ of Error Coram Nobis for lack of subject matter jurisdiction. The Court **DIRECTS** the Clerk to close this case and strike it from this Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** October 27, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE